UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   **JS-6**

### CIVIL MINUTES – GENERAL

Case No. 2:25-cv-12266-JLS-MAR                   Date: March 25, 2026
Title:  Santa Fe Management Inc v. Shanae Avery

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER: (1) VACATING HEARING;
(2) GRANTING MOTION TO REMAND (Doc. 10);
(3) REMANDING CASE TO LOS ANGELES SUPERIOR
COURT; AND (4) DENYING AS MOOT REQUEST TO
PROCEED IN FORMA PAUPERIS (Doc. 2)**

Defendant filed a Notice of Removal ("NOR") and Request to Proceed In Forma Pauperis ("IFP").  (NOR, Doc. 1; IFP Req., Doc. 2.)  Plaintiff filed a Motion to Remand, which the Court has reviewed.  (Doc. 10.)  No timely opposition brief was filed.

The Court VACATES the April 10, 2026 hearing on this matter and rules as follows:  Because the Court lacks subject-matter jurisdiction over the removed Complaint (Doc. 9), the Court GRANTS Plaintiff's Motion to Remand; therefore, the Court hereby REMANDS this case to the Los Angeles Superior Court.  The Court DENIES the IFP Request as moot.

Plaintiff filed a form complaint for unlawful detainer in state court against Defendant.  (*See* Compl., Doc. 9 at 2-7.)  The unlawful detainer complaint specifies it is a limited civil case that does not exceed $10,000.  (*Id.* at 4.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12266-JLS-MAR                              Date: March 25, 2026
Title:  Santa Fe Management Inc v. Shanae Avery

        Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, a removing party—here, Defendant Shanae Avery—bears the burden of establishing it.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

        Unlawful detainer actions do not arise under federal law; they arise under state law.  Therefore, the Court has no federal question jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

        Nor has the Court's diversity jurisdiction been properly invoked.  The amount in controversy is expressly limited in the complaint to an amount less than $10,000.  Thus, the amount-in-controversy requirement of diversity jurisdiction has not been met.  *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  Moreover, the parties do not appear to be diverse.  *See id.*; (*see* Civil Cover Sheet, Doc. 1-1 at 2 (identifying the locations of the plaintiff and defendant as specified counties in California).  Moreover, in the absence of a federal question, a resident of the forum state may not remove an action to federal court. *See* 28 U.S.C. § 1441(b).

        Accordingly, the Court REMANDS this action, Case No. 25NWUD01879, to the Los Angeles County Superior Court.

        **IT IS SO ORDERED.**

                                                        Initials of Deputy Clerk: kd